UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEBANESE COMPANY FOR FINANCIAL INVESTMENT SAL,<br><br>Plaintiff,<br><br>v.<br><br>CÓRPORACIÓN ELÉCTRICA NACIONAL,<br><br>Defendant. | Civil Action No.: |

**COMPLAINT**

Plaintiff Lebanese Company for Financial Investment SAL ("LCFI"), by its undersigned counsel, as and for its Complaint against Defendant Córporación Eléctrica Nacional, as successor by merger to C.A. La Electricidad de Caracas ("Corpoelec" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a breach of contract action arising from Corpoelec's failure to make a contractually-mandated principal and interest payment on certain notes (the "Notes") held by LCFI. The Notes were issued pursuant to an Indenture, dated as April 10, 2008, entered into by and among C.A. La Electricidad de Caracas ("EDC"), The Bank of New York, as Trustee, Registrar and Principal Paying Agent, and The Bank of New York (Luxembourg) S.A. as Luxembourg Listing Agent and Paying Agent,[1] for the issuance of $650,000,000 8.5% Senior

---

[1] Wilmington Trust, National Association is the successor trustee to The Bank of New York. Wilmington Trust SP Services (Luxembourg) S.A. is successor to The Bank of New York (Luxembourg) S.A., as Luxembourg listing and paying agent and Citibank, N.A., is successor to The Bank of New York, as paying agent and registrar.

Notes due 2018.  A true and accurate copy of the Indenture, with the form of the Notes attached as an exhibit thereto, is attached as **Exhibit A**.  In a letter to the Trustee, dated November 30, 2012, Corpoelec, as EDC's successor by merger, confirmed that it assumed all of EDC's duties, liabilities, and obligations under the Notes.  **Exhibit B.**  For its relief, Plaintiff seeks the payment of unpaid principal and interest due on April 10, 2018, as required by the Notes.

## THE PARTIES

2. Plaintiff LCFI is a corporation registered in the General Commercial Register in Baadbda, Lebanon.

3. Defendant Corpoelec is owned 75% by the Bolivarian Republic of Venezuela (the "Republic") and 25% by Petróleos de Venezuela, S.A. ("PDVSA"), which is, in turn, majority owned by the Republic.  The Republic is a foreign state as defined in 28 U.S.C. § 1603 and Corpoelec, as an enterprise directly majority-owned by the Republic, is therefore also deemed a foreign state as well as an agency or instrumentality of a foreign state, as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), as Corpoelec is a foreign state pursuant to 28 U.S.C. § 1603.  Corpoelec explicitly and unconditionally waived sovereign immunity under Section 18 of the Notes with respect to actions brought in connection with the Notes and the Indenture and is therefore not entitled to immunity under 28 U.S.C. §§ 1605-1607 or any applicable international agreement.

5. In addition, this Court has personal jurisdiction over Corpoelec pursuant to 28 U.S.C. § 1330(b) and because it consented in the Notes and Indenture to submit to the jurisdiction of this Court in any action brought in connection with the Notes.

6. Venue is proper in this District because Corpoelec irrevocably consented to venue for actions brought in this Court in connection with the Notes or the Indenture and pursuant to 28 U.S.C. § 1391(f)(1).

7. Corpoelec has appointed CT Corporation as its agent to receive and forward any writs, process and summonses in any suit, action or proceeding brought in connection with the Notes or the Indenture against Corpoelec in the U.S. District Court for the Southern District of New York.

## FACTUAL ALLEGATIONS

8. On May 2, 2007, the Republic's President Hugo Chávez issued Decree N° 5,330, which established Corpoelec, a state-owned electrical company. The decree provided that 75% of the shares of CEN would be owned by Venezuela, and 25% would be owned by PDVSA.

9. Decree N° 5,330 also provided that EDC would be merged into Corpoelec. Following the merger, Corpelec replaced EDC as obligor on the Notes. *See* Exhibit B. Section 4.1(b) of the Indenture further provides that any successor company to EDC like Corpoelec will assume all of EDC's obligations under the Indenture and the Notes.

10. LCFI is the owner of $9,568,000 principal amount of Notes, ISIN XS0356521160.

11. The Notes bore interest at a rate of 8.50% per annum payable semiannually on April 10 and October 10 of each year, commencing on October 10, 2008.

12. The Notes matured, by their terms, on April 10, 2018, at which time the entire principal amount (in addition to all unpaid interest) became immediately due and payable.

13. On April 12, 2018, the Trustee issued a Notice of Default to all holders of the Notes, notifying them that the principal and interest payment due on April 10, 2018 was not

received by the Paying Agent and that Events of Default had occurred under the Indenture.

**Exhibit C.**  To date, the principal and the two final interest payments have not been paid.

## CLAIM FOR RELIEF
### Breach of Contract on the Notes

14. LCFI repeats and realleges the allegations set forth in paragraphs 1 through 14 herein.

15. The Notes are outstanding under the terms of the Indenture.

16. Corpoelec has breached the Notes by failing to make the payments of principal and interest due to LCFI, and thereby caused damage to LCFI.

17. Corpoelec is liable to LCFI for unpaid interest in the amount of $406,640 (exclusive of prejudgment interest) and unpaid principal in the amount of $9,568,000.

WHEREFORE, Plaintiff LCFI demands judgment against Corpoelec, in the amount of $9,974,640 plus prejudgment and post-judgment interest, costs, and such other and further relief as this Court shall deem just and proper.

Dated: New York, New York
November 5, 2021

**WALFISH & FISSELL PLLC**

By: *(signature)*

Rachel Penski Fissell
Daniel R. Walfish
405 Lexington Avenue, 8th Floor
New York, New York 10174
(212) 672-0523
rfissell@walfishfissell.com

*Attorneys for Plaintiff Lebanese Company for Financial Investment SAL*