UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
LEBANESE COMPANY FOR FINANCIAL                                          :
INVESTMENT SAL,                                                         :
                                                                        :
                         Plaintiff,                 :        21 Civ. 9173 (JPC)
                                                                        :
         -v-                                                          :        <u>ORDER</u>
                                                                        :
                                                                        :
CORPORACION ELECTRICA NACIONAL                                          :
                                                                        :
                         Defendant.                 :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        On April 1, 2022, Plaintiff's counsel, Walfish & Fissell PLLC, moved to withdraw as counsel of record under Local Civil Rule 1.4 because of Plaintiff's inability and refusal to pay outstanding and future legal fees and expenses. *See* Dkts. 20, 21 ("Motion"), 22 ("Fissell Decl."). Walfish & Fissell served the motion papers on April 1, 2022. *See* Dkt. 20 at 2; Motion at 6; Fissell Decl. at 6. On April 4, 2022, the Court ordered Walfish & Fissell to advise the Court "whether it has informed Plaintiff of its motion to withdraw as counsel of record in this case and, if so, Plaintiff's position on that motion." Dkt. 24.

        On April 18, 2022, Walfish & Fissell filed a letter with the Court explaining that on April 5, 2022 it served the Court's Order and the motion to withdraw papers on Plaintiff's "Lebanese counsel via email, and noting that the Court had requested that [Plaintiff] provide its position on the Motion so that [Walfish & Fissell] could report that to the Court." Dkt. 26; *see* Dkt. 25 (affidavit of service). The letter also said that on April 14, 2022, Walfish & Fissell sent "a follow-up email to [Plaintiff's] principal and [Plaintiff's] Lebanese counsel again requesting that [Plaintiff] provide its position on the Motion so that [Walfish & Fissell] may report it to the Court."

*Id.* The letter claims that Plaintiff has still "not responded to [Walfish & Fissell's] emails (or otherwise communicated with [it] since the Motion was filed), and so [Walfish & Fissell is] unable to report Plaintiff's position on the Motion." *Id.*

A court in this District may grant counsel leave to withdraw "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." E.D.N.Y. & S.D.N.Y. Loc. Civ. R. 1.4. Courts typically consider two factors "in determining whether to grant a motion to withdraw as counsel of record: (1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of the proceeding." *Capak v. Smith*, No. 18 Civ. 4325 (RA) (KHP), 2021 WL 1103375, at *1 (S.D.N.Y. Feb. 2, 2021); *accord Callaway Golf Co. v. Corp. Trade Inc.*, No. 10 Civ. 1676 (GBD) (JCF), 2011 WL 2899192, at *2 (S.D.N.Y. July 6, 2011).

For the first factor, Walfish & Fissell seeks to withdraw as counsel because Plaintiff "has refused to pay [Walfish & Fissell's] latest invoice[,] . . . its next due Retainer payment under [the] Engagement Letter, or to otherwise advance funds to, at a minimum, cover the out-of-pocket expenses associated with service via the Hague Convention." Motion at 3; *see also* Fissell Decl. ¶¶ 3-5; 13-14. "Although there is no clear standard for what may be considered a satisfactory reason for allowing a withdrawal, it is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *Police Officers for a Proper Promotional Process v. Port Auth. of New York & New Jersey*, No. 11 Civ. 7478 (LTS) (JCF), 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012) (quotations omitted) (collecting cases). Despite Walfish & Fissell repeatedly sending Plaintiff invoices, Plaintiff "has expressly declared that it is unwilling and/or unable to make any future payments." Fissell Decl. ¶ 15. In response, Walfish & Fissell has even offered a lower retainer amount and offered to negotiate Plaintiff's payments, yet Plaintiff has refused to pay

Walfish & Fissell since its "first and only Retainer payment in 2020." *Id.* ¶ 16. Plaintiff's inability and refusal to pay warrants granting Walfish & Fissell's motion: "the Court cannot compel" a law firm "to continue representing" a civil client "on a *pro bono* basis." *Genao v. City of New York*, No. 14 Civ. 8122 (AT) (JLC), 2017 WL 57886, at *2 (S.D.N.Y. Jan. 4, 2017).

As to the second factor, granting the motion will not affect the timing of the case. In analyzing this factor, "district courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (quotations and alterations omitted). Under this analysis, when "discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *Est. of Larry Shaw & Susan Shaw v. Marcus*, No. 14 Civ. 3849 (NSR), 2016 WL 4679734, at *2 (S.D.N.Y. Sept. 6, 2016) (quotations omitted). Here, Defendant has not yet even appeared in the case. Nor is it even clear that Defendant has actual notice of the case. *See* Motion at 2. Thus, granting the motion will not disrupt the timing of the case.

Because both factors point to granting the motion to withdraw, the Court grants Walfish & Fissell's motion to withdraw. Plaintiff must appear with counsel by May 19, 2022, or the Court will dismiss this case without prejudice for failure to prosecute. *See Jacobs v. Patent Enf't Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000) ("[I]t is settled law that a corporation cannot generally appear in federal court except through its lawyer."). The Clerk of the Court is respectfully directed to terminate Walfish & Fissell PLLC as counsel of record for this case and to terminate the motion pending at Docket Number 20. By April 20, 2022, Walfish & Fissell shall serve a copy of this Order on Plaintiff and file proof of service on the docket by April 21, 2022.

SO ORDERED.

Dated: April 19, 2022
       New York, New York

_____
JOHN P. CRONAN
United States District Judge

3